**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*[1]<br><br>  Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| JOHN JOHNSTON AND RACHELLE FRISBY, AS JOINT PROVISIONAL LIQUIDATORS ON BEHALF OF PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., AND PB INVESTMENT HOLDINGS LTD., AND PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., AND PB INVESTMENT HOLDINGS LTD.,<br><br>  Plaintiffs,<br>v.<br><br>GREGREY EVAN LINDBERG a/k/a GREG EVAN LINDBERG, *et al.*<br><br>  Defendants. | Adv. Pro. No. 23-01000 (LGB) |

**ORDER GRANTING MOTION TO STAY ADVERSARY
PROCEEDING AS TO THE NC INSURANCE COMPANIES SUBJECT TO
PLAINTIFFS OBTAINING AN ORDER FROM THE
REHABILITATION COURT AUTHORIZING THE FILING OF THE
COMPLAINT AND THE PROSECUTION OF THE ADVERSARY PROCEEDING**

Upon the motion dated January 18, 2023 (the "Stay Motion")[2] filed by putative Defendants Colorado Bankers Life Insurance Company, Bankers Life Insurance Company, Southland

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd. are Bermuda limited companies, with a registered address at c/o Deloitte Ltd., Corner House 20 Parliament Street, Hamilton, HM 12, Bermuda. The chapter 15 cases are jointly administered for procedural purposes by orders of this Court [ECF Nos. 11 and 42]. References to "ECF No." relate to documents filed in the Debtors' chapter 15 cases and references to "JPLs Adv. Pro. ECF No." relate to documents filed in this adversary proceeding (the "Adversary Proceeding").

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Stay Motion.

- 1 -

National Insurance Corporation and Southland National Reinsurance Corporation (collectively, the "NC Companies") for entry of an order granting their *Motion to Stay Adversary Proceeding as to the NC Insurance Companies Subject to Plaintiffs Obtaining a Final Order From the Rehabilitation Court Authorizing the Filing of the Complaint and the Prosecution of the Adversary Proceeding* [JPLs Adv. Pro. ECF No. 7]; and the Court having reviewed the Stay Motion, the *Plaintiffs' Opposition to NC Insurance Companies' Motion to Stay Adversary Proceeding as to the NC Insurance Companies Subject to Plaintiffs Obtaining a Final Order from the Rehabilitation Court Authorizing the Filing of the Complaint and the Prosecution of the Adversary Proceeding* [JPLs Adv. Pro. ECF No. 14], the *Reply in Support of Motion to Stay Adversary Proceeding as to the NC Insurance Companies* [JPLs Adv. Pro. ECF No. 30] and the *Plaintiffs' Sur-Reply to NC Insurance Companies' Motion to Stay the Adversary Proceeding as to the NC Insurance Companies* [JPLs Adv. Pro. ECF No. 59]; and the Court having found that adequate notice was provided to the parties; and the Court having held a hearing on February 10, 2023, which was continued to and concluded on February 27, 2023 (collectively, the "Hearing"); and the Court having heard oral arguments from the parties; and the Court having found that (i) the Rehabilitation Order did not violate the automatic stay, and (ii) the McCarran-Ferguson Act is applicable; and the Court having found that the JPLs did not comply with the Rehabilitation Order by first obtaining authorization from the NC Court before commencing the Adversary Proceeding; and the legal and factual bases set forth in the Stay Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED**, the Court grants the Stay Motion; and it is further

**ORDERED**, that, effective immediately, the Adversary Proceeding is stayed as to the NC Companies; and it is further

**ORDERED**, that any statutory deadlines and other deadlines, including any contained in any scheduling order or briefing schedule entered in the Adversary Proceeding, or otherwise, shall be inapplicable as to the NC Companies as long as the stay imposed by this Order remains in effect; and it is further

**ORDERED**, that the stay shall remain in effect until ten (10) business days following the JPLs filing with this Court, and serving on the NC Companies, an order of the NC Court (the "NC Court Relief Order") evidencing the NC Court's authorization for the JPLs to prosecute the Adversary Proceeding subject to the terms that such order contains; and it is further

**ORDERED**, that in the event the NC Court Relief Order is filed and served as described above, a conference shall be scheduled by the Court to establish appropriate pleading, discovery and other deadlines with respect to the Adversary Proceeding as it pertains to the NC Companies; and it is further

**ORDERED,** that this Court shall retain jurisdiction over any and all matters arising from the interpretation and implementation of this Order.

Dated:  March 10, 2023
         New York, New York

**Lisa G. Beckerman**
Honorable Lisa G. Beckerman
United States Bankruptcy Judge
