**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| JOHN JOHNSTON, AS JOINT PROVISIONAL LIQUIDATOR ON BEHALF OF PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., AND PB INVESTMENT HOLDINGS LTD., AND PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., AND PB INVESTMENT HOLDINGS LTD.,<br><br>    Plaintiffs,<br>v.<br><br>GREGREY EVAN LINDBERG a/k/a GREG EVAN LINDBERG, *et al.*<br><br>    Defendants. | Adv. Pro. No. 23-01000 (LGB) |

**ORDER GRANTING IN PART THE NC INSURANCE COMPANIES' MOTION (I) TO HOLD THE JPLS AND THEIR COUNSEL IN CONTEMPT FOR VIOLATING THIS COURT'S ORDERS, AND (II) FOR SANCTIONS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND 28 U.S.C. § 1927 IN CONNECTION WITH THE FILING OF THE AMENDED COMPLAINT**

Upon consideration of Colorado Bankers Life Insurance Company, Bankers Life Insurance Company's, Southland National Insurance Corporation's, and Southland National Reinsurance Corporation's (collectively, the "NC Companies" or "NCIC") *Motion (I) to Hold the JPLs and their Counsel in Contempt for Violating this Court's Orders, and (II) for Sanctions Pursuant to Section 105 of the Bankruptcy Code and 28 U.S.C. § 1927 in Connection With the Filing of the Amended Complaint* (the "Sanctions Motion"), and the declaration of Norman N. Kinel in support

thereof together with all exhibits thereto filed on October 17, 2023 [Adv. Pro. ECF Nos. 142, 143] seeking an order holding the JPLs and their counsel—Nicholas F. Kajon, Constantine D. Pourakis, Eric M. Robinson, and Wade D. Koenecke of Stevens & Lee, P.C. (together, "Counsel") in contempt and granting monetary and other sanctions under Section 105, Section 1927, Local Rule 83.6, and this Court's inherent powers; [1] and the Court having reviewed all pleadings and briefing submitted by the parties, including declarations, exhibits and charts annexed thereto;[2] and the Court having held a status conference on the Sanctions Motion on October 26, 2023 and heard argument of the parties at hearings held on November 8, 2023 and November 28, 2023 (collectively, the "Hearing"); and the Court finding that due and sufficient notice of the Sanctions Motion was provided to all parties; and for the reasons stated by the Court on the record at the Hearing and the Court having granted the Sanctions Motion, in part, at the conclusion of the Hearing; and the Court having "So Ordered" the entire record of the Hearing, which record is incorporated in full by reference herein; and the Court having reviewed the subsequent submissions made by the parties regarding the fees and costs sought as part of the Sanctions

---

[1] Capitalized terms used herein which are undefined shall have the meanings ascribed to them in the Sanctions Motion, the Amended Complaint, the Reply or the Reply to the Sur-Reply (defined below).

[2] In addition to the Sanctions Motion, the Declaration of Norman N. Kinel and the exhibits attached thereto, such pleadings and briefing filed by the parties and considered by the Court were the following: *Opposition of the Joint Provisional Liquidators to the NC Companies' Motion (I) to Hold the JPLs and their Counsel in Contempt for Violating this Court's Orders, and (II) for Sanctions Pursuant to Section 105 of the Bankruptcy Code and 28 U.S.C. § 1927 in Connection With the Filing of the Amended Complaint* [Adv. Pro. ECF No. 166]; Declaration of Nicholas F. Kajon in Opposition [Adv. Pro. ECF No. 164]; Declaration of Constantine D. Pourakis in Opposition [Adv. Pro. ECF No. 165]; *Reply of the NCIC to the Opposition of the Joint Provisional Liquidators to the NC Companies' Motion (I) to Hold the JPLs and their Counsel in Contempt for Violating this Court's Orders, and (II) for Sanctions Pursuant to Section 105 of the Bankruptcy Code and 28 U.S.C. § 1927 in Connection With the Filing of the Amended Complaint* (the "Reply") [Adv. Pro. ECF No. 171]; *Plaintiffs' Sur-Reply to the NC Insurance Companies' Motion (I) To Hold the JPLS and Their Counsel in Contempt for Violating This Court's Orders; and (II) For Sanctions Pursuant to Section 105 of the Bankruptcy Code and 28 U.S.C. § 1927 in Connection with the Filing of the Amended Complaint* (the "Sur-Reply") [Adv. Pro. ECF No. 180]; and *Reply of the NCIC to the Plaintiffs' Sur-Reply to the Motion (I) To Hold the JPLS and Their Counsel in Contempt for Violating This Court's Orders; and (II) For Sanctions Pursuant to Section 105 of the Bankruptcy Code and 28 U.S.C. § 1927 in Connection with the Filing of the Amended Complaint* [Adv. Pro. ECF No. 183] (the "Reply to the Sur-Reply").

2

Motion;[3] and after due deliberation and sufficient cause appearing therefor, the Court makes the following findings of fact and conclusions of law:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

a. On June 27, 2019, the Wake County Superior Court of the State of North Carolina (the "NC Court") in the matter captioned *Causey v. Southland National Insurance Corporation, et al.*, No. 19 CV 008664, entered an *Order of Rehabilitation, Order Appointing Receiver, and Order Granting Injunctive Relief* (the "Rehabilitation Order"), pursuant to which the NC Court enjoined "any person from instituting or prosecuting any suit or other action" against the NC Companies without prior permission of the NC Court.

b. On January 4, 2023, the Plaintiffs commenced an adversary proceeding in the Bankruptcy Court captioned *Johnston v. Lindberg, et al.*, Adv. Pro. No. 23-01000 (LGB) (Bankr. S.D.N.Y. Jan. 4, 2023) (the "Adversary Proceeding" or the "JPLAP") by filing a complaint asserting eighteen causes of action against the NC Companies [Adv. Pro. ECF No. 1] (the "Original Complaint").

c. On January 18, 2023, the NC Companies filed their *Motion to Stay Adversary Proceeding as to the NC Insurance Companies Subject to Plaintiffs Obtaining a Final Order From the Rehabilitation Court Authorizing the Filing of the Complaint and the Prosecution of the Adversary Proceeding* [Adv. Pro. ECF No. 7] (the "Stay Motion").

---

[3] Supplemental Declaration of Norman N. Kinel [Adv. Pro. ECF No. 206], Supplemental Direction of Nicholas F. Kajon [Adv. Pro. ECF No. 222], Reply Declaration of Norman N. Kinel [Adv. Pro. ECF No. 226], Sur-Reply Declaration of Nicholas F. Kajon [Adv. Pro. ECF No. 235], Addendum to Sur-Reply Declaration [Adv. Pro. ECF No. 236], Reply Declaration of Norman N. Kinel [Adv. Pro. ECF No. 238], and Second Supplemental Declaration of Norman N. Kinel [Adv. Pro. ECF No. 239].

[4] The findings of fact and conclusion of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding by Fed. R. Bankr. P. 9020 and Fed. R. Bankr. P. 9014. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

3

d. Prior to the conclusion of the Hearing on February 27, 2023, Counsel—without prior notice either to this Court or the NC Companies—informed the Court that the JPLs wished to amend the Original Complaint and orally requested that this Court confirm to what extent the Original Complaint could be amended. In response, this Court stated that Plaintiffs could amend Count 1 of the Original Complaint so long as the amendment "doesn't involve the North Carolina Insurance Companies." Hr'g Tr. 47:17–52:9 [Adv. Pro. ECF No. 69].

e. On March 10, 2023, this Court issued its written *Order Granting Motion to Stay Adversary Proceeding as to the NC Insurance Companies Subject to Plaintiffs Obtaining an Order From the Rehabilitation Court Authorizing the Filing of the Complaint and the Prosecution of the Adversary Proceeding* [Adv. Pro. ECF No. 78] (the "Stay Order").

f. In the Stay Order, this Court ruled that (i) the JPLAP was stayed as to the NC Companies, (ii) all litigation deadlines were inapplicable to the NC Companies as long as the stay remained in effect, (iii) the stay would remain in effect until ten business days following the JPLs filing with the Bankruptcy Court an order of the NC Court evidencing that court's authorization for the JPLs to prosecute the JPLAP, and (iv) if such order was filed, a conference would be scheduled to establish pleading, discovery, and other deadlines in the JPLAP as they relate to the NC Companies.

g. On March 24, 2023, the JPLs filed a *Notice of Appeal* of the Stay Order to the U.S. District Court for the Southern District of New York [Adv. Pro. ECF No. 107] (the "Appeal"), which is *sub judice* as of the date hereof.

h. On May 22, 2023, the Plaintiffs filed in the NC Court the *Motion of Rachelle Frisby and John Johnston, in Their Capacities as the Joint Provisional Liquidators and Authorized Foreign Representatives for PB Life and Annuity Co., Ltd., Northstar Financial Services*

4

*(Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd. for Permission to (I) Prosecute Adversary Proceeding and (II) File Counterclaims Against Respondents* (the "<u>Motion for Permission</u>"). On June 19, 2023, the NC Court held a hearing on the Motion for Permission, at the conclusion of which it issued its oral ruling denying the motion. Thereafter, on July 5, 2023, the NC Court entered the NC Anti-Suit Order, denying the Motion for Permission. The JPLs did not appeal the NC Anti-Suit Order and it is a final order.

    i.    On September 27, 2023, the Plaintiffs filed the Amended Complaint [Adv. Pro. ECF No. 142].

    j.    To date, the JPLs and Counsel have not withdrawn the Amended Complaint.

**NOW, THEREFORE, IT IS FURTHER FOUND AND DETERMINED THAT:**

    r.    The Court has jurisdiction to enforce the Stay Order during the pendency of the Appeal.

    s.    The Court finds that each of the JPLs and Counsel were aware of the Stay Order.

    t.    The Stay Order is clear and unambiguous and stayed the entire Adversary Proceeding as it related to the NC Companies.

    v.    The evidence of the JPLs' and Counsel's noncompliance with the Stay Order is clear and convincing.

    w.    Specifically, the filing of the Amended Complaint, (i) adding seven (7) new claims against the NC Companies, (ii) adding new requests for relief to existing claims against the NC Companies, (iii) adding new statutory grounds to requests for relief to existing claims, (iv) expanding the reach of the requested relief, (v) adding new allegations regarding the NC Companies to substantiate old and new counts, and (vi) making new allegations against the North

5

Carolina Commissioner of Insurance and the Special Deputy Rehabilitators/Liquidators, all violated this Court's Stay Order.

y.   The JPLs and Counsel engaged in vexatious conduct in filing the Amended Complaint.

z.   The JPLs and Counsel are in contempt of the Stay Order.

**NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.   Pursuant to Section 105 of the Bankruptcy Code and this Court's inherent and contempt powers, Mr. John Johnston—the JPL who authorized the filing of the Amended Complaint—and Counsel—Nicholas F. Kajon, Constantine D. Pourakis, Eric M. Robinson, and Wade D. Koenecke of Stevens & Lee, P.C.—are hereby each found in civil contempt for having violated this Court's Stay Order.

2.   As a result of their contempt, sanctions against Mr. Johnston and Counsel under Section 105 of the Bankruptcy Code are appropriate and warranted under the facts determined by this Court. The Court grants Counsel's request that the monetary sanctions for the contempt be imposed only upon the JPLs' law firm, Stevens & Lee, P.C. and not on the JPLs.

3.   The Court does not find that there is sufficient evidence of an improper purpose on the part of the JPLs or Stevens & Lee, P.C. in filing the Amended Complaint and so accordingly, the Court does not find that the conduct of the JPLs or Stevens & Lee, P.C. supports a finding under 28 U.S.C. § 1927.

4.   The Court also finds that striking the NC Companies as defendants from the Amended Complaint, with or without prejudice, is not appropriate relief under the circumstances.

5. The JPLs, through Counsel, shall provide to counsel for the NC Companies a "Restated and Amended Complaint," (as well as a redline showing the changes made from the Original Complaint and the Amended Complaint to the Restated and Amended Complaint), which shall not assert any new facts, allegations, claims, or causes of action against the NC Companies that were not in the Original Complaint. Counsel for the JPLs and the NC Companies shall confer in good faith regarding whether the "Restated and Amended Complaint" is in compliance with this Order before the JPLs file it with the Court.

6  Provided that counsel for the NC Companies confirm to Counsel for the JPLs that the "Restated and Amended Complaint" is in compliance with this Order, the JPLs shall file it on the docket of the Adversary Proceeding, together with redlines showing the changes made in the Restated and Amended Complaint as against the Original Complaint and the Amended Complaint, within three (3) days of such confirmation.

7. In the event counsel for the NC Companies advise Counsel for the JPLs that the Restated and Amended Complaint is not in compliance with this Order and the parties are unable to resolve the matter, either party may request an expedited conference with the Court to consider and rule on the matter.

8. The NC Companies are hereby awarded reasonable attorneys' fees and costs (the "Attorneys' Fees and Costs") in connection with the Sanctions Motion, all subsequent pleadings filed in connection with the Sanctions Motion, and the prosecution of the Sanctions Motion, including the submissions regarding fees and costs, as follows: (a) $579,049.75 in reasonable attorney's fees and $1,678.01 in costs are awarded to the NC Companies with respect to the fees and costs billed to the NC Companies by Squire Patton Boggs (USA) LLP[5] and (b) $89,564.28 in

---

[5] The Court has reviewed all of the pleadings submitted by the parties regarding fees and costs. The Court notes that the time records were not kept by a professional retained under section 327 or section 1103 of the Bankruptcy

reasonable attorney's fees and $0 in costs are awarded to the NC Companies with respect to the fees and costs billed to the NC Companies by Williams Mullin[6]. The Attorneys' Fees and Costs are awarded against the law firm of Stevens & Lee, P.C. and shall be paid to the NC Companies within ten (10) days of the date of this Order.

9. Within two (2) days of entry of this Order, the NC Companies shall serve a copy of this Order on Nicholas F. Kajon, Constantine D. Pourakis, Eric M. Robinson, and Wade D. Koenecke of Stevens & Lee, P.C., and the JPLs (via service upon Steven & Lee, P.C.), each by overnight Federal Express.

---

Code. Accordingly, neither Squire Patton Boggs (USA) LLP nor Williams Mullin would have expected to have to keep time in accordance with United States Trustee Guidelines. While having the time spent on each task broken out would have been helpful to the Court in evaluating the amount of time spent on the various tasks, there is no reason why counsel to the NC Companies would have been expected to keep time in that manner. Further, the Court has discretion in determining the proper amount of attorney's fees and expense awards as a compensatory sanction, guided by principles applied to fee and expense awards. The Court here has applied the lodestar analysis to evaluate fees and expenses sought as a compensatory sanction. Last, the Court agrees with Counsel for the JPLs that some adjustments need to be made to the amount of fees sought by Squire Patton Boggs (USA) LLP. The Court begins with the amount of fees sought in the Second Supplemental Declaration of Norman N. Kinel, $625,192.00. It reduces that amount by $12,000 for research conducted by Mr. Kinel and Ms. Hazan. Having reviewed the time records, the Court does not accept the explanation provided by Mr. Kinel with respect to research as Mr. Kinel and Ms. Hazan clearly use other language when reviewing cases in their time records. Because of the block billing, the Court had to make a reasonable analysis as to how much time was spent on that task on the five dates. Next, it reduces the amount by $ 9,251.25 relating to time spent regarding RICO. It does so because the JPLs did offer to remove those counts from the Complaint. So while counsel for the NC Companies would have had to spend time addressing RICO, not all of the time would have been necessary since Counsel for the JPLs tried to ameliorate their mistake. Last, it reduces the fees for time that incurred which is redundant of time spent by Williams Mullin on the same tasks. While the Court should not after the fact micromanage how co-counsel divide up tasks, having reviewed the time records, there does seem to be some redundancy with Williams Mullin and so it is reducing the fees by $24,891. The Court does not find that there were fees sought outside of the scope of what the Court awarded with respect the Sanctions Motion, including with respect to review of the Amended Complaint and tasks undertaken after the Amended Complaint was filed. The Court is including the time spent with respect to supplemental filings regarding fees and costs as part of the compensatory award. The Court otherwise overrules the other objections raised by Counsel to the JPLs with respect to the fees and costs of Squire Patton Boggs (USA) LLP.

[6] The Court starts with $92,513.28 which is the amount sought in the Second Supplemental Declaration of Norman N. Kinel. In addition to the reduction for time spent regarding RICO in the amount of $529.80 for the reasons discussed above, the Court also finds that too many attorneys billed for time attending conferences and hearings before the Court and so the Court has reduced the fees sought by $2,419.20. The Court otherwise overrules the other objections raised by Counsel to the JPLs with respect to the fees and costs of Williams Mullin.

8

10. Should Stevens & Lee, P.C. fail to timely remit full payment to the NC Companies as directed in paragraph 8 above, post-judgment interest shall accrue on all unpaid amounts at the rate set forth in 28 U.S.C. § 1961.

11. This Court shall retain jurisdiction over any and all matters arising from the interpretation and implementation of this Order.

Dated: February 1, 2023
      New York, New York

                                                     **/s/ Lisa G. Beckerman**
                                                     Honorable Lisa G. Beckerman
                                                     United States Bankruptcy Judge