**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PB LIFE AND ANNUITY CO., LTD., *et al.*,[1] <br><br> Debtors in Foreign Proceedings. | Chapter 15 <br><br> Case No. 20-12791 (LGB) <br> (Jointly Administered) |
| JOHN JOHNSTON and RACHELLE FRISBY, as Joint Provisional Liquidators on behalf of PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., and PB INVESTMENT HOLDINGS LTD., and PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., and PB INVESTMENT HOLDINGS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> GREGREY EVAN LINDBERG A/K/A GREG EVAN LINDBERG, *et al*. <br><br> Defendants. | Adv. Proc. No. 23-01000 (LGB) <br><br> **Hearing Date: September 24, 2024** <br><br><br><br><br><br><br><br> September 5, 2024 |

**DEFENDANTS PAVONIA LIFE INSURANCE COMPANY OF MICHIGAN AND AXAR CAPITAL MANAGEMENT L.P.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT**

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Financial Advisory Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, Main Case, ECF No. 42.

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................................... III

**INTRODUCTION** ..................................................................................................................... 1

**ARGUMENT** ............................................................................................................................. 1

    I.   The Michigan Rehabilitation Proceeding and subsequent release are properly before the Court on Axar and Pavonia's motion to dismiss. ........................................................................ 2

    II.   The Court should follow its own ruling and reasoning applied to Aspida in declining jurisdiction under McCarran-Ferguson Act. .............................................................................. 3

        A.   Plaintiffs were properly notified of Pavonia's sale. ........................................................ 3

        B.   All of the factors the Court has used to dismiss other defendants on the basis of reverse preemption under the McCarran-Ferguson Act apply. ............................................................. 5

            1.   The Bankruptcy Code does not specifically relate to the business of insurance. ......... 6

            2.   Michigan State's Rehabilitation Code Chapter 81 specifically relates to the Business of Insurance ............................................................................................................................. 6

            3.   Application of a federal statute would invalidate, impair or supersede Michigan Insurance Code. ........................................................................................................................ 7

**CONCLUSION** ......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bank of New York Mellon Tr. Co. v. Morgan Stanley Mortg. Cap., Inc.*,
  No. 11 CIV. 0505 CM FM, 2011 WL 2610661 (S.D.N.Y. June 27, 2011) ................................2

*Commissioner of Ins. v. Arcilio*,
  221 Mich. App. 54, 561 N.W.2d 412 (1997) ........................................................................6

*Cortec Industries, Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir.1991) ..................................................................................................2, 3

*I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*,
  936 F.2d 759 (2d Cir. 1991) ....................................................................................................3

*In re Ames Dep't Stores, Inc.*,
  542 B.R. 121 (Bankr. S.D.N.Y. 2015) ....................................................................................6

*Lawski v. Frontier Insurance Grp., LLC (In re Frontier Insurance Grp. LLC),*,
  517 B.R. 496 (Bankr. S.D.N.Y. 2014) ....................................................................................6

*L-7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011) ....................................................................................................2

*Rothman v. Gregor*,
  220 F.3d 81 (2d Cir. 2000) ......................................................................................................2

*United States Department of Treasury v. Fabe*,
  508 U.S. 491 (1993) .................................................................................................5, 7, 8, 9

**Statutes**

11 U.S.C. § 109(b)(2) .....................................................................................................................7

MCL § 500.8102 .............................................................................................................................7

MCL § 500.8101 ........................................................................................................................3, 6

MCL § 500.8105 .............................................................................................................................9

MCL § 500.8109 .............................................................................................................................7

MCL § 500.8113 ........................................................................................................................4, 5

Defendants Pavonia Life Insurance Company of Michigan ("Pavonia")[2] and Axar Capital Management L.P. ("Axar") submit this Reply in support of their Motion to Dismiss the Plaintiffs' Amended Complaint.

## INTRODUCTION

This Court has already rejected Plaintiff's identical arguments by granting a motion to dismiss brought by Defendants Aspida Holdco, LLC and Aspida Financial Services, LLC's (collectively "Aspida") under the McCarran-Fergusson Act regarding the very same Michigan insurance rehabilitation proceeding. Plaintiffs did not appeal the Court's decision that the McCarran-Fergusson Act applies. And Plaintiffs fail to articulate a non-frivolous basis to differentiate the Court's prior decision from their claims against Pavonia and Axar.

The Court's prior decision is now the law of case and must be applied equally to dismiss Plaintiffs' claims against Pavonia and Axar.

Plaintiffs' refusal to dismiss their claims against Pavonia and Axar in light of the Court's prior ruling lacks good faith and has needlessly increased Pavonia's and Axar's costs and expenses. To avoid any further undue costs and expenses, Pavonia and Axar respectfully request the Court grant their motion to dismiss on the motion papers without further hearing or delay.

## ARGUMENT

Axar and Pavonia limit their reply to Plaintiffs' arguments related to the McCarran-Ferguson Act and the Court's oral order on Aspida's motion to dismiss—which was entered after Pavonia and Axar moved for dismissal under Fed. R. Civ. P. 12(b)(6)—but otherwise stand on the arguments made in their opening memorandum.

---

[2] Pavonia Life Insurance Company of Michigan changed its name and is now known as Revol One Insurance Group.

**I.   The Michigan Rehabilitation Proceeding and subsequent release are properly before the Court on Axar and Pavonia's motion to dismiss.**

Plaintiffs improperly claim that the Court is limited by their own failure to attach relevant documents from the Michigan Rehabilitation Proceeding or to otherwise incorporate them by reference. There is no such limitation.

Case law is clear that upon a Rule 12(b)6 motion to dismiss, the Court can properly consider any documents referenced in the complaint, "*or documents the plaintiff either possessed or knew about and upon which they relied in bringing the suit.*" *Rothman v. Gregor*, 220 F.3d 81, 89 (2d Cir. 2000) (citing *Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (2d Cir.1991)) (emphasis added). Plaintiffs' amended complaint is deemed to include not only the allegations and any attached exhibits, but also all materials incorporated by reference, or that are 'integral' to the complaint and any matter of which the court can take judicial notice. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (addressing Rule 12(c) motion for dismissal on the pleadings.)

The allegations in Plaintiffs' complaint leave no ambiguity that Plaintiffs were fully aware of the Michigan Rehabilitation Proceeding when they drafted the complaint. *See* Am. Compl. ¶ 1704 (referencing July 9, 2019, "petition to place [Pavonia] into rehabilitation); *id.* at ¶ 1705 (alleging Michigan Rehabilitation Proceeding was used to facilitate stock purchase transaction); *id.* at ¶¶ 1711-1713 (allegations regarding Axar's purchase of Pavonia through stock purchase transaction).

Plaintiffs' "failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion." *Bank of New York Mellon Tr. Co. v. Morgan Stanley Mortg. Cap., Inc.*, No. 11 CIV. 0505 CM FM, 2011 WL 2610661, at *3

2

(S.D.N.Y. June 27, 2011) (citing *Cortec Indus. Inc.*, 949 F.2d at 42). Nor can Plaintiffs evade dismissal simply because they have chosen not to attach documents from the Michigan Rehabilitation Proceeding to the complaint or to incorporate them by reference. *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991).

Even if Plaintiffs were somehow unaware of the relevant orders from the Michigan Rehabilitation Proceeding they seek to avoid, the Court can take judicial notice of these orders.

The Court has already considered orders from the Michigan Rehabilitation Proceeding in granting Aspida's motion to dismiss and should do so here.

**II.    The Court should follow its own ruling and reasoning applied to Aspida in declining jurisdiction under McCarran-Ferguson Act.**

The Court's prior decision declining jurisdiction under the McCarran-Ferguson Act applies equally if not in greater force to Pavonia and Axar because unlike GBIG Holdings, Pavonia is a Michigan-domiciled insurance company and is thus squarely within the Michigan's Insurers Rehabilitation and Liquidation Act (the "MCL"), MCL § 500.8101 *et seq*.

Plaintiffs did not appeal the Court's order granting Aspida's motion to dismiss, which has become the law of this case.

**A. Plaintiffs were properly notified of Pavonia's sale.**

Plaintiffs' argument that they did not receive proper notice lacks merit. The Court has rejected identical arguments in finding Plaintiffs were properly notified by publication through the same Michigan Rehabilitation Proceeding of the sale of GBIG, LLC to Aspida. (*PB Life and Annuity Co., LTD., et. al. v. Lindberg, et.al.,* Transcript of Order Granting Motion to Dismiss, 20-12791, 23-01000, Bankr. S.D. N.Y., (2024) [hereinafter "Tr."] at 56:12-57:12 (finding "it appears to this Court, that there was sufficient notice provided of the transactions, and in accordance with Michigan law.)) The Court's prior finding applies equally here.

3

As with GBIG, LLC and Aspida, the "rehabilitation order was properly filed with the clerk of the Circuit Court Registered Deeds for the county in which the [principal] office or place of business is located, MCL § 500.8113[(1)]." (Tr. at 56:12-15); (Doc. No. 216-1, Ex. A at 13 ¶ 4). And as with GBIG, LLC and Aspida, potential creditors received constructive notice of the Approval and Termination Order ("Sale Order") approving the sale of Pavonia to Axar and the process to submit through publication the Michigan Department of Insurance and Financial Services ("DIFS") website. (Tr. at 56:17-23); (Doc. No. 216-2, Ex. B at 29); (Doc. No. 216-3, Ex. C).

Constructive notice through publication is sufficient because Plaintiffs do not allege any facts that would have required Axar and Pavonia to notice to be served individually and explicitly upon Plaintiffs under the Michigan Insurance Code. MCL § 500.8113(1). During the hearing on Aspida's motion to dismiss, Plaintiffs' counsel readily acknowledged that there was no direct relationship between the parties that would have required actual notice:

> THE COURT: . . . was there any relationship that you're aware of between the four foreign Debtors that are before me in this litigation and also in Chapter 15 and [GBIG Holdings]? Are there any contracts between the parties? . . . were the foreign Debtors policy holders? Was there any creditor relationship between the parties? . . . . I would think it would have been raised if there was in your complaint . . . .
>
> COUNSEL FOR PLAINTIFFS: Correct, Your Honor. The answer is, we are not aware of those sort of direct relationships.
>
> THE COURT: Well, then there wouldn't be a basis for having [actual] notice . . . . because in a rehabilitation proceeding, just like bankruptcy proceeding, you provide notice to parties you are aware, parties and interest, parties that are known. . . . And if there wasn't a contractual relationship, there wasn't a creditor relationship, there wasn't a policy holder relationship . . . then, there wouldn't necessarily have been any reason to provide [actual] notice.

4

(Tr. 32:4-33:12.); *see also* (*id.* at 34:9-35:11) (rejecting due process arguments because there was no basis requiring actual service.)

As with GBIG, LLC and Aspida, Plaintiffs do not allege in their Amended Complaint or in opposition to this motion any contracts, creditor relationships, or policy holder relationships that would have required Pavonia and Axar to provide actual notice.

Accordingly, Plaintiffs received the proper notice required under Michigan law. (Tr. 57:10-12) (citing MCL § 500.8113(1)).

### B. All of the factors the Court has used to dismiss other defendants on the basis of reverse preemption under the McCarran-Ferguson Act apply.

In the months since the Court's order granting motion Aspida's motion to dismiss, Plaintiffs have been unable to find any controlling precedent or articulate any substantive basis for the Court to deviate from its prior holding that all three *Fabe* factors are met and the McCarran-Ferguson Act applies. As the Supreme Court articulated in *United States Department of Treasury v. Fabe,* the primary purpose of the McCarran-Ferguson Act is "to restore to the States broad authority to tax and regulate the insurance industry." 508 U.S. 491 at 491 (1993). The Court considers the following three factors in determining whether reverse preemption under the McCarran-Ferguson Act applies:

(1) the federal statute must not relate specifically to insurance;

(2) the Michigan state statute intended to regulate the business of insurance; and

(3) most importantly, that a federal statute would invalidate, impair or supersede the statutes.

(Tr. 59:2-8) (citing *United States Department of Treasury v. Fabe,* 508 U.S. 491 at 500, 501 (1993)).

5

Plaintiffs fail to articulate a sufficient basis as to why the Court's prior findings that each of these factors were met would not apply here.

1. **The Bankruptcy Code does not specifically relate to the business of insurance.**

Plaintiffs' claims arise under Chapter 15 of the Bankruptcy Code. And as the Court has already noted, courts in the Southern District of New York and elsewhere have consistently found "that the Bankruptcy Code and relevant federal jurisdiction provisions do not specifically relate to the business of insurance." (Tr. 59:9-16) (citing *In re Ames Dep't Stores, Inc.,* 542 B.R. 121 at 147 (Bankr. S.D.N.Y. 2015). This is due to the fact that "many federal statutes with potentially pre-emptive effect, such as the bankruptcy states, use general language that does not appear to 'specifically relate' to insurance." (*Id.*) (citing *Lawski v. Frontier Insurance Grp., LLC (In re Frontier Insurance Grp. LLC),* 517 B.R. 496, 506 (Bankr. S.D.N.Y. 2014).

Contrary to Plaintiffs' apparent argument, nothing within Chapter 15 mandates the Court to exercise jurisdiction over Pavonia and Axar. Nor do any of the cases Plaintiffs site in support of their opposition stand for such proposition. Rather, under the McCarran-Ferguson Act, the Court's jurisdiction is optional and can be declined. While Chapter 15 is used by foreign insurers to bring avoidance actions, it does not create a back door to circumvent a state rehabilitation order. And nothing prevented Plaintiffs as foreign insurers from participating in the Michigan Rehabilitation Proceeding.

Accordingly, as it has before (Tr. 59:9-16), the Court should find this prong is satisfied.

2. **Michigan State's Rehabilitation Code Chapter 81 specifically relates to the Business of Insurance.**

The Michigan's Insurers Rehabilitation and Liquidation Act, MCL § 500.8101 *et seq.* ("Chapter 81"), is a state statute enacted for the express purpose of regulating insurance and preempts conflicting federal law under the McCarran-Ferguson Act. *Commissioner of Ins. v.*

6

*Arcilio*, 221 Mich. App. 54, 62, 561 N.W.2d 412, 417 (1997). The Michigan Insurance Code in general, and Chapter 81 in particular relevance to this case, is a complex regulatory scheme that is entitled to deference. The purpose of Chapter 81 is to specifically protect "the insurance company, its assets, its policy holders, and its creditors." (Tr. 59:19-60:21) (internal citations omitted). And Chapter 81 is the exclusive process for insurers that have or have been "transacting insurance business in [Michigan] state and against which claims arising from that business may exists now or in the future" or to insurers having insured residents in Michigan. MCL § 500.8102; *see also* 11 U.S.C. § 109(b)(2) (baring "domestic insurance company[ies]" from being a debtor under federal bankruptcy law.)

As the Court has previously found, the Michigan Court was acting within its statutory authority created under Chapter 81 by entering the Rehabilitation Order. (Tr. 59:17-21.) And once Pavonia was placed into rehabilitation, the Michigan Commissioner of Insurance became vested with title to all assets of Pavonia, with the express statutory authority to administer such assets under the general supervision of the Michigan courts. The Michigan Court also had authority under Chapter 81 to issue the subsequent Sale Order approving the sale of Pavonia to Axar. MCL § 500.8109.

Because the Court has already found that the applicable Michigan statutes specifically relate to the business of insurance, the second prong of the *Fabe* test is met. (Tr. 60:6-8.)

### 3. Application of a federal statute would invalidate, impair or supersede Michigan Insurance Code.

The third prong of the *Fabe* test, which requires a finding that the application of a federal statute would invalidate, impair or supersede Michigan Insurance Code, is also easily met. *Fabe*, 508 U.S. 491 at 500, 501.

7

Plaintiff's assertion that Chapter 15 does not invalidate, impair, or supersede Chapter 81 because, Plaintiffs allege both laws are "complementary" and "mirror-images" misstates both the law and fact. *See* (Pls.' Response at 9.) Contrary to Plaintiffs' assertion, the standard set out in *Fabe* is not whether or not Chapter 15 mirrors Chapter 81, but whether it would impair or supersede its applicability. *Fabe*, 508 U.S. 491 at 500, 501.

Impair and supersede is precisely what Plaintiffs are attempting to do through this action. Under the Rehabilitation Order and subsequent plan for rehabilitation, Plaintiffs were required— but failed—to file all claims within a certain period. (Doc. No. 216-2, Ex. B) (Doc. No. 216-3, Ex. C). Having failed to timely file a claim, the Michigan Court—applying Michigan law— authorized and approved the sale of all Pavonia stock to Axar free and clear of all claims, including the claims asserted by Plaintiffs against Pavonia and Axar in the Amended Complaint. (Doc. No. 216-2, Ex. B, Approval and Termination Order at 22-24 ¶¶ F-I.)

The Sale Order "specifically enjoins the ability of any person to bring claims against" Pavonia or Axar "relating to the sale transaction," which was part of the rehabilitation proceeding. (Tr. 60:15-18) ((Doc. No. 216-2, Ex. B, Approval and Termination Order at 22-24 ¶¶ F-I). Contrary to Plaintiffs' contention otherwise, this order was squarely within the Michigan Court's statutory authority:

> the circuit court for Ingham county may grant . . . a permanent injunction, and any other order as may be considered necessary and proper to prevent . . .
>
> (c) Interference with the receiver or with a proceeding under this chapter . . .
>
> (f) The institution of further prosecution of any actions or proceedings . . .
>
> (k) Other threatened or contemplated action that might lessen the value of the insurer's assets or prejudice the rights of policyholders,

8

>creditors, or shareholders, or the administration of a proceeding under this chapter.

MCL § 500.8105(1)(c), (f), and (k).

As the Court astutely observed, it is impossible to see "allowing the adversary proceeding to continue . . . "would not supersede[] Chapter 81, and the orders issued by the Michigan court." (Tr. 60:19-23.)

The fact that the Michigan Rehabilitation Proceeding is now closed is not relevant. If the McCarran-Fergus Act's reverse preemption only applied to open proceedings, it would frustrate the statute's purpose of restoring "to the States broad authority to tax and regulate the insurance industry." *Fabe,* 508 U.S. 491 at 491. Indeed, such a ruling would allow those desiring to avoid a state's rehabilitation order barring their claims to easily skirt around such order by waiting until the proceedings were closed to commence a federal action. Such an absurd result should not be countenanced.

Therefore, the McCarran-Fergusson doctrine's reverse preemption must apply to this proceeding and the matter be dismissed against Pavonia and Axar.

## CONCLUSION

Defendants Pavonia Life Insurance Company of Michigan and Axar Capital Management L.P. respectfully request the Court enter an order dismissing the Amended Complaint against them, and that the Court grant such other and further relief as is just and proper.

9

**BEST & FLANAGAN LLP**

Dated: September 5, 2024

*/s/ Amy S. Conners*
Amy S. Conners, NY Bar No. 4226148
John A. Sullivan, MN Bar No. 0396730
(*Pro Hac Vice*)
Brian J. Linnerooth, MN Bar No. 0400162
(*Pro Hac Vice*)
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
(612) 339-7121
aconners@bestlaw.com
johnsullivan@bestlaw.com
blinnerooth@bestlaw.com

***Attorneys for Defendants Pavonia Life Insurance Company of Michigan and Axar Capital Management L.P.***

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  September 5, 2024

*/s/ Amy S. Conners*
Amy S. Conners

10