**EXHIBIT B**

Order Granting Consent Motion to Approve Distribution of Clanwilliam Proceeds

23-01000-lgb Doc 547-2 Filed 07/30/25 Entered 07/30/25 19:53:28 Exhibit B
Pg 1 of 10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PB LIFE AND ANNUITY CO., LTD., *et al.*, <br><br>   Debtors in Foreign Proceedings. | Chapter 15 <br><br> Case No. 20-12791 (LGB) <br><br> (Jointly Administered) |
| JOHN JOHNSTON and ELIZABETH CAVA, as Joint Official Liquidators on behalf of PB LIFE AND ANNUITY CO., LTD., as Joint Provisional Liquidators on behalf of NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., and PB INVESTMENT HOLDINGS LTD., and PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., and PB INVESTMENT HOLDINGS LTD., <br><br>   Plaintiffs, <br><br> v. <br><br> GREGREY EVAN LINDBERG A/K/A GREG EVAN LINDBERG, *et al.*, <br><br>   Defendants. | Adv. Proc. No. 23-01000 (LGB) |

**ORDER APPROVING SETTLEMENT REGARDING DISTRIBUTION OF PROCEEDS OF SALE OF CLANWILLIAM GROUP DEFENDANTS AND DISMISSING ADVERSARY PROCEEDING AS AGAINST CLANWILLIAM GROUP DEFENDANTS**

Upon the Motion dated July 7, 2025 of the Plaintiffs,[1] pursuant to Federal Rule of Bankruptcy Procedure 9019, seeking approval of the Clanwilliam Settlement [ECF No. 542]; and upon the Supplement to the Motion dated July 30, 2025 [ECF No. 547]; and the Court having jurisdiction pursuant to 28 U.S.C. §§ 157, 1331, and 1334, sections 109 and 1501 of the Bankruptcy Code and the *Amended Standing Order of Reference* from the United States District

---

[1] Capitalized terms used herein which are undefined shall have the meanings ascribed to them in the Motion.

Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11,* 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.); and this matter being a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(H) and (b)(2)(P); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1410; and due and proper notice of the relief sought in the Motion having been provided to all parties entitled thereto, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing on July 31, 2025 to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the Clanwilliam Settlement has been reached in the sound business judgment of the Plaintiffs, after arms' length and good faith negotiations, and is in the best interests of the Debtors, their respective creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Clanwilliam Settlement, and any ancillary agreements or documents required in connection therewith, is authorized and approved, pursuant to Bankruptcy Rule 9019(a). The failure specifically to include or reference any particular provisions of the Clanwilliam Settlement in this Order shall not diminish or impair the effectiveness of such provisions, and the Clanwilliam Settlement and each and every provision thereof is, by this Order, authorized and approved in its entirety.

3. The terms of the Clanwilliam Settlement are binding and enforceable against the Plaintiffs, the Clanwilliam Group Defendants[2] and all other parties to the Clanwilliam Settlement.

---

[2] The Clanwilliam Group Defendants are: A.C.J Computer Services Limited; Analytical Medical Insight Limited; Bluespier International Limited; British Orient Infotel Private Limited; Claimsure Slainte (Ireland) Limited; Clanwilliam Australia Investments Pty Limited; Clanwilliam Headquarters Limited; Clanwilliam Health (DGL) Limited; Clanwilliam Health (RX Web) Limited; Clanwilliam Health (Socrates) Limited; Clanwilliam Health Limited; Clanwilliam Investments (UK) Limited; Clanwilliam Investments Ireland Limited; Clanwilliam NZ Limited; Clanwilliam Software Limited; Clanwilliam Ventures Limited; Connect2 CME Limited N/K/A Alchemie Medical Education Limited; Connect 2 Medical Communications Limited; Dictate IT Limited; Elements Communications Limited; Epic Care Home Technologies Limited; Epic Solutions Limited; Health Ireland Partners Limited; Healthlink Group Limited; Healthlink Group Pty Limited; Healthlink Research Limited; Helix Health Group Limited; Helix Health Software Limited; HH Spiral Holdings Limited; Informatica Systems Limited; Konnect Net Limited; Maxwell Stanley Consulting Investments Limited; Maxwell Stanley Consulting Limited; MBS Investments Pty Limited N/K/A Clanwilliam Australia Pty Limited; Medical Business Systems Pty Limited; Notochord Limited; Obsidian Healthcare

4. Plaintiffs shall dismiss with prejudice the Adversary Proceeding as against only the Clanwilliam Group Defendants within two (2) business days following the date that the $108,195,266 cash payment has been received by the Plaintiffs and the Bermuda Court approves the settlement.

5. Nothing contained herein shall have any effect on (a) Plaintiffs' claims against Triton Financial Limited, any other Defendant herein or any other party, or (b) Debtors' investments in any entity other than those released pursuant to the Clanwilliam Settlement.

6. Northstar Financial Services (Bermuda) Ltd. ("Northstar") and/or ULICO, with the consent of the Clanwilliam Group Defendants and the Special Master, as necessary, may take any actions consistent with applicable law, including without limitation relinquishing or abandoning interests in SACs, transferring interests in SACs to the Special Master, and/or receiving the distribution consistent with the percentages referenced in footnote 11 of the Motion directly from the Clanwilliam Group Defendants if deemed appropriate to maximize victim recoveries, provided that Northstar and/or ULICO shall not take any such actions without the prior written approval of the Special Master, the NC Insurance Companies, and Vista. Any such action shall not have any effect on the Plaintiffs' litigation claims against Triton Financial Limited, any other Defendant herein or any other party.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

8. Non-substantive or immaterial changes to the Clanwilliam Settlement and any related agreements, documents, or other instruments may be made (including modifications, amendments, or supplements) as agreed upon by the parties in accordance with the terms thereof, without further order of this Court.

9. To the extent any terms of this Order conflict with the terms of the Clanwilliam Settlement, the terms of the Clanwilliam Settlement shall be controlling.

10. Any stay pursuant to the Federal Rules of Bankruptcy Procedure applicable to the relief granted by this Order is hereby waived.

Dated: _____ __ , 2025
    New York, New York

Honorable Lisa G. Beckerman
United States Bankruptcy Judge

---

Group Limited; Pharmasys Investments Limited; Pharmasys Limited; PMMS Investments Limited; Professional Medical Management Services Limited; Pulse IT Communications Pty Limited; and Toniq Limited.

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PB LIFE AND ANNUITY CO., LTD., *et al.*, <br><br>     Debtors in Foreign Proceedings. | Chapter 15 <br><br> Case No. 20-12791 (LGB) <br><br> (Jointly Administered) |
| JOHN JOHNSTON and ELIZABETH CAVA, as Joint Official Liquidators on behalf of PB LIFE AND ANNUITY CO., LTD., as Joint Provisional Liquidators on behalf of NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., and PB INVESTMENT HOLDINGS LTD., and PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., and PB INVESTMENT HOLDINGS LTD., <br><br>     Plaintiffs, <br><br> v. <br><br> GREGREY EVAN LINDBERG A/K/A GREG EVAN LINDBERG, *et al.*, <br><br>     Defendants. | Adv. Proc. No. 23-01000 (LGB) |

**ORDER APPROVING SETTLEMENT REGARDING DISTRIBUTION OF PROCEEDS OF SALE OF CLANWILLIAM GROUP DEFENDANTS AND DISMISSING ADVERSARY PROCEEDING AS AGAINST CLANWILLIAM GROUP DEFENDANTS**

Upon the Motion dated July 7, 2025 of the Plaintiffs,[1] pursuant to Federal Rule of Bankruptcy Procedure 9019, seeking approval of the Clanwilliam Settlement [ECF No. 542]; and upon the Supplement to the Motion dated July 30, 2025 [ECF No. 547]; and the Court having jurisdiction pursuant to 28 U.S.C. §§ 157, 1331, and 1334, sections 109 and 1501 of the Bankruptcy Code and the *Amended Standing Order of Reference* from the United States District

---

[1] Capitalized terms used herein which are undefined shall have the meanings ascribed to them in the Motion.

07/07/2025 SL1 2659020v2 114825.00001 07/30/2025 SL1 2659020v3 114825.00001

Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11,* 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.); and this matter being a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(H) and (b)(2)(P); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1410; and due and proper notice of the relief sought in the Motion having been provided to all parties entitled thereto, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing on July 31, 2025 to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the Clanwilliam Settlement has been reached in the sound business judgment of the Plaintiffs, after arms' length and good faith negotiations, and is in the best interests of the Debtors, their respective creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Clanwilliam Settlement, and any ancillary agreements or documents required in connection therewith, is authorized and approved, pursuant to Bankruptcy Rule 9019(a). The failure specifically to include or reference any particular provisions of the Clanwilliam Settlement in this Order shall not diminish or impair the effectiveness of such provisions, and the Clanwilliam Settlement and each and every provision thereof is, by this Order, authorized and approved in its entirety.

3. The terms of the Clanwilliam Settlement are binding and enforceable against the Plaintiffs, the Clanwilliam Group Defendants[2] and all other parties to the Clanwilliam Settlement.

---

[2] The Clanwilliam Group Defendants are: A.C.J Computer Services Limited; Analytical Medical Insight Limited; Bluespier International Limited; British Orient Infotel Private Limited; Claimsure Slainte (Ireland) Limited; Clanwilliam Australia Investments Pty Limited; Clanwilliam Headquarters Limited; Clanwilliam Health (DGL) Limited; Clanwilliam Health (RX Web) Limited; Clanwilliam Health (Socrates) Limited; Clanwilliam Health Limited; Clanwilliam Investments (UK) Limited; Clanwilliam Investments Ireland Limited; Clanwilliam NZ Limited; Clanwilliam Software Limited; Clanwilliam Ventures Limited; Connect2 CME Limited N/K/A Alchemie Medical Education Limited; Connect 2 Medical Communications Limited; Dictate IT Limited; Elements Communications Limited; Epic Care Home Technologies Limited; Epic Solutions Limited; Health Ireland Partners Limited; Healthlink Group Limited; Healthlink Group Pty Limited; Healthlink Research Limited; Helix Health Group Limited; Helix Health Software Limited; HH Spiral Holdings Limited; Informatica Systems Limited; Konnect Net Limited; Maxwell Stanley Consulting Investments Limited; Maxwell Stanley Consulting Limited; MBS Investments Pty Limited N/K/A Clanwilliam Australia Pty Limited; Medical Business Systems Pty Limited; Notochord Limited; Obsidian Healthcare

4. Plaintiffs shall dismiss with prejudice the Adversary Proceeding as against only the Clanwilliam Group Defendants within two (2) business days following the date that the $108,195,266 cash payment has been received by the Plaintiffs and the Bermuda Court approves the settlement.

5. Nothing contained herein shall have any effect on (a) Plaintiffs' claims against Triton Financial Limited, any other Defendant herein or any other party, or (b) Debtors' investments in any entity other than those released pursuant to the Clanwilliam Settlement.

6. Northstar Financial Services (Bermuda) Ltd. ("Northstar") and/or ULICO, with the consent of the Clanwilliam Group Defendants and the Special Master, as necessary, may take any actions consistent with applicable law, including without limitation relinquishing or abandoning interests in SACs, transferring interests in SACs to the Special Master, and/or receiving the distribution consistent with the percentages referenced in footnote 11 of the Motion directly from the Clanwilliam Group Defendants if deemed appropriate to maximize victim recoveries, provided that Northstar and/or ULICO shall not take any such actions without the prior written approval of the Special Master, the NC Insurance Companies, and Vista. Any such action shall not have any effect on the Plaintiffs' litigation claims against Triton Financial Limited, any other Defendant herein or any other party.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

8. Non-substantive or immaterial changes to the Clanwilliam Settlement and any related agreements, documents, or other instruments may be made (including modifications, amendments, or supplements) as agreed upon by the parties in accordance with the terms thereof, without further order of this Court.

9. To the extent any terms of this Order conflict with the terms of the Clanwilliam Settlement, the terms of the Clanwilliam Settlement shall be controlling.

10. Any stay pursuant to the Federal Rules of Bankruptcy Procedure applicable to the relief granted by this Order is hereby waived.

Dated: _____ __ , 2025
      New York, New York

                                              Honorable Lisa G. Beckerman
                                              United States Bankruptcy Judge

---

Group Limited; Pharmasys Investments Limited; Pharmasys Limited; PMMS Investments Limited; Professional Medical Management Services Limited; Pulse IT Communications Pty Limited; and Toniq Limited.

07/07/2025 SL1 2659020v2 114825.00001 07/30/2025 SL1 2659020v3 114825.00001

|  | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.11.0.158 Document comparison done on 7/30/2025 3:29:51 PM** | |
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://imanage.stevenslee.net/sl1/2659020/2 - Order Approving Clanwilliam Group Defendants settlement 9019.docx | |
| **Modified DMS:** iw://imanage.stevenslee.net/sl1/2659020/3 - Order Approving Clanwilliam Group Defendants settlement 9019.docx | |
| **Changes:** | |
| Add | 3 |
| Delete | 2 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 5 |