**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |
| MARCIN CZARNOCKI and ELIZABETH CAVA, as Joint Official Liquidators on behalf of PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., and OMNIA LTD., as Joint Provisional Liquidators on behalf of PB INVESTMENT HOLDINGS LTD., and PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., and PB INVESTMENT HOLDINGS LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>GREGREY EVAN LINDBERG A/K/A GREG EVAN LINDBERG, *et al.*,<br><br>Defendants. | Adv. Proc. No. 23-01000 (LGB) |

**ORDER DENYING MOTION OF GREG E. LINDBERG FOR A STAY PENDING APPEAL UNDER FED. R. BANKR. P. 8007, AND PENDING RESOLUTION OF ADVERSARY PROCEEDING NO. 26-01108, OF THE ORDER APPROVING THE AGREEMENT SETTLING THE ADVERSARY PROCEEDING AGAINST THE DAMOVO GROUP DEFENDANTS AND SELLER GROUP; FOR AN INTERIM STAY AND EXPEDITED CONSIDERATION; AND FOR WAIVER OF BOND — WITH INCORPORATED MEMORANDUM OF LAW**

**WHEREAS**, on December 3, 2020, Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the Joint Provisional Liquidators and authorized foreign representatives ("JPLs") for PB Life and Annuity Co., Ltd. (in provisional liquidation) ("PBLA"), Northstar Financial Services ("Bermuda") Ltd. (in liquidation) ("Northstar"), Omnia Ltd. (in liquidation) ("Omnia") and PB Investment Holdings Ltd. (in liquidation) ("PBIHL," together with PBLA, Northstar and Omnia, the "Debtors"), in proceedings currently pending before the Supreme Court

of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, and 441 respectively (the "Bermuda Proceedings") as well as PBLA, Northstar, Omnia and PBIHL (the JPLs, PBLA, Northstar, Omnia, and PBIHL, collectively the "Plaintiffs"), filed under Chapter 15 of the Bankruptcy Code (the "Chapter 15 Case" or the "Main Case") a petition [Main Case ECF No. 1] and also filed a *Verified Petition of PBLA and Motion of the JPLs for (A) Recognition of the Bermuda Proceeding as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding and (B) Certain Related Relief* [Main Case ECF No. 2] seeking recognition regarding the Bermuda Proceedings; and

**WHEREAS**, on January 4, 2023, the Plaintiffs[1] initiated an adversary proceeding (Adv. Pro. Case No. 23-01000) (the "2023 Adversary Proceeding") with the filing of their Complaint [2023 Adv. Pro. ECF No. 1] against Gregory Evan Lindberg ("Mr. Lindberg"), among others,; and

**WHEREAS,** on September 27, 2023, the Plaintiffs filed an Amended Complaint [2023 Adv. Pro. ECF No. 129]; and

**WHEREAS**, on February 14, 2024, the Plaintiffs filed a Restated Amended Complaint [2023 Adv. Pro. ECF No. 257]; and

**WHEREAS**, on October 7, 2026, the Plaintiffs filed a *Motion for Approval of Agreement Settling Adversary Proceeding Against Damovo Group Defendants and Seller Group* [2023 Adv. Pro. ECF No. 558] (the "Settlement Motion") which noticed the hearing for the Settlement Motion on October 29, 2026 at 10:00 A.M. ET (the "Settlement Hearing") on Zoom for Government; and

**WHEREAS**, on October 16, 2026, the Plaintiffs filed a supplement to the Settlement Motion [2023 Adv. Pro. ECF No. 560] (the "First Settlement Supplement"); and

---

[1] The current Plaintiffs in the 2023 Adversary Proceeding include the Debtors, the JPLs at the time the Chapter 15 Case commenced, Edward Willmott, former JPL alongside John Johnston, and the current JPLs Marcin Czarnocki and Elizabeth Cava.

**WHEREAS**, on October 18, 2026, Mr. Lindberg filed the *Motion of Mr. Lindberg for Leave to Intervene for the Limited Purpose of Objecting, and Objection, as Intervenor and Party in Interest, to the Motion for Approval of Agreement Settling Adversary Proceeding Against Damovo Group Defendants and Seller Group; and Request to Appear at the Hearing By Video* [2023 Adv. Pro. ECF No. 561] (the "Motion to Intervene") and also filed a *Declaration of Mr. Lindberg in Support of the Motion to Intervene* [2023 Adv. Pro. ECF No. 562] (the "First Lindberg Declaration"). Also on this day, Mr. Lindberg filed a *Motion of Mr. Lindberg for Leave to Appear and be Heard by Video at the October 29, 2026 Hearing* (the "Video Motion") [2023 Adv. Pro. ECF No. 564]; and

**WHEREAS**, on October 21, 2026, the Court entered an order granting the Video Motion [2023 Adv. Pro. ECF No. 565]. Also on this day, Mr. Lindberg filed a *Supplement to Motion of Mr. Lindberg to the Motion to Intervene* [2023 Adv. Pro. ECF No. 566] (the "First Lindberg Supplement") and also filed a motion for *an Expedited Evidentiary Hearing under Fed. R. Bankr. P. 9014(d), for Production of the Transaction Documents and a Certified English Translation, for a Stay Pending the Hearing, and for Leave to Attend Remotely, with Incorporated Memorandum of Law* (the "Motion for Expedited Evidentiary Hearing") [2023 Adv. Pro. ECF No. 567] and a *Declaration of Mr. Lindberg* supporting the Motion for Expedited Evidentiary Hearing [2023 Adv. Pro. ECF No. 568] (the "Second Lindberg Declaration," and together with the First Lindberg Declaration, the "Lindberg Declarations"). Also on this day, the Plaintiffs filed *Exhibit 16* in connection with the Settlement Supplement [2023 Adv. Pro. ECF No. 571] (the "Second Settlement Supplement," and together with the First Settlement Supplement, the "Settlement Supplements"); and

**WHEREAS**, on October 24, 2026, in connection with the Settlement Hearing, Mr. Lindberg filed a *Motion of Mr. Lindberg, as Intervenor and Party in Interest, for Approval of Alternative Transaction (Twelve Seas Business Combination) and for Related Relief, Including Deposit of Settlement Funds into the Registry of the Court* [Adv. Pro. ECF No. 574] (the "Alternative Transaction Motion"); and

**WHEREAS**, on October 26, 2026, the Court entered an order denying Mr. Lindberg's Motion for Expedited Evidentiary Hearing in part [2023 Adv. Pro. ECF No. 573], stating that (a) the Settlement Hearing would not be an evidentiary hearing, (b) if the Court at any point during the Settlement Hearing determines that an evidentiary hearing is required, the Court will discuss scheduling of a subsequent evidentiary hearing with the parties present at the Settlement Hearing, and (c) Mr. Lindberg may serve discovery with respect to the Settlement Motion in accordance with the applicable Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Also on this day, the Plaintiffs filed *Plaintiffs' Reply to the Motion to Intervene* [2023 Adv. Pro. ECF No. 575] (the "Reply") and Mr. Lindberg filed *Mr. Lindberg's Supplemental Filing of Related Court Documents in Further Support of the Motion to Intervene and in support of the Alternative Transaction Motion* [2023 Adv. Pro. ECF No. 577] (the "Second Lindberg Supplement," and together with the First Lindberg Supplement, the "Lindberg Supplements"); and

**WHEREAS**, on October 29, 2026, at the Settlement Hearing, counsel for the Plaintiff and Mr. Lindberg, among others (collectively, the "Parties"), were present at the Settlement Hearing where the Court considered the Settlement Motion, the Settlement Supplements, the Motion to Intervene, the Lindberg Declarations, the Alternative Transaction Motion, the Reply, and the Lindberg Supplements (collectively, the "Settlement Documents"). At the Settlement Hearing, the Court granted the Settlement Motion for the reasons stated on the record at the Settlement Hearing

and, on that same day, the Court entered an order approving the Settlement Motion [2023 Adv. Pro. ECF No. 578] (the "Settlement Order"); and

**WHEREAS**, on October 30, 2026, Mr. Lindberg initiated an adversary proceeding (Adv. Pro. Case No. 26-01108) (the "2026 Adversary Proceeding") with the filing of their Complaint [2026 Adv. Pro. ECF No. 1] against the Damovo Group Defendants, as defined in footnote one of the Settlement Motion, among others; and

**WHEREAS**, on November 3, 2026, Mr. Lindberg filed a *Notice of Appeal* [2023 Adv. Pro. ECF No. 579] and *Motion of Mr. Lindberg for a Stay Pending Appeal Under Fed. R. Bankr. P. 8007, and Pending Resolution of Adversary Proceeding No. 26-01108, of the Settlement Order; For an Interim Stay and Expedited Consideration; and for Waiver of Bond* [2023 Adv. Pro. ECF No. 580] (the "Stay Pending Appeal Motion"); and

**WHEREAS**, on November 4, 2026, the Plaintiffs filed *Plaintiffs' Opposition to the Stay Pending Appeal Motion* [2023 Adv. Pro. ECF No. 581] (the "Opposition to Stay Pending Appeal Motion"); and

**WHEREAS**, on November 5, 2026, the Court entered a *Scheduling Order Regarding the Stay Pending Appeal Motion* [2023 Adv. Pro. ECF No. 583] (the "Scheduling Order"). In the Scheduling Order, the Court stated it would hold a hearing to consider the Stay Pending Appeal Motion and all documents filed in connection with the Stay Pending Appeal on Monday, November 9, 2026 at 10:00 A.M. ET on Zoom for Government (the "Stay Pending Appeal Hearing"); and

**WHEREAS**, on November 6, 2026, Mr. Lindberg filed a *Reply of Mr. Lindberg in Further Support of the Stay Pending Appeal Motion* [2023 Adv. Pro. ECF No. 584] (the "Lindberg Reply to Opposition"); and

**WHEREAS**, on November 9, 2026, at the Stay Pending Appeal Hearing, the Parties were present at the Stay Pending Appeal Hearing where the Court considered the Settlement Documents, the Stay Pending Appeal Motion, the Opposition to Stay Pending Appeal Motion, and the Lindberg Reply to Opposition.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Stay Pending Appeal Motion is denied for the reasons set forth on the record at the Stay Pending Appeal Hearing.

2. For the avoidance of doubt, this Order shall not prejudice Mr. Lindberg's right to seek a stay pending appeal of the Settlement Order from the United States District Court for the Southern District of New York.

Dated: November 10, 2026
New York, New York

**/s/ Lisa G. Beckerman**
THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE